CHARLEY STANLEY v. THE STATE.

No. 3265.    Decided October 18, 1905.

1.—Assault to Murder—Evidence—Alibi—Statement in Presence of Defendant —Hearsay.

On a trial for assault to murder, conversations of others regarding defendant's whereabout at the time of the commission of the offense, and which were reported to defendant in person and called on him for a reply as effecting his alibi, were not hearsay but admissible in evidence against him.

2.—Same—Evidence—Imputing Crime to Another.

On a trial for assault to murder, the statement of a witness that a third party had told him that he was connected with the shooting, etc., when there was no evidence that said third party confessed to the shooting of the party alleged to be injured, or of facts tending to show that said third party was in the neighborhood where the shooting occurred, or have been in position to have been the guilty party, the same was properly excluded. Following Dubose v. State, 10 Texas Crim. App., 230; Harrison v. State, 11 Texas Ct. Rep., 617.

Appeal from the District Court of Shelby.    Tried below before Hon. James I. Perkins.

Appeal from a conviction for assault with intent to murder; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

No brief for the appellant has reached the hands of the reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of assault with intent to murder, upon circumstantial evidence. He interposed an alibi. Evidence was introduced upon the question of motive to the effect that appellant believed the assaulted party had indicted him for violating the local option law, and further that he was mad at said party for claiming appellant was indebted to him in the sum of $20. The assaulted party was seated in his hallway reading a newspaper to his wife, when he was shot by some one from out in the dark. The evidence tends to show very strongly that the instrument used was a pistol—45-caliber. Threats against the life of the assaulted party were also introduced against defendant. It was further shown that appellant sought to procure a witness to testify falsely in aid of his alibi; and that he had exchanged his 45-caliber pistol with a neighbor, for one of 38-caliber, stating that he might be charged with shooting the assaulted party, and he wanted to exchange pistols until the trouble blew over. Tracks found in the yard made by the party who fired the shot corresponded with tracks made by appellant. On the evening preceding the shooting, appellant was seen in the neighborhood where the shooting occurred, which was about seven miles distant from where appellant resided. He was going in the direction of the scene of the shooting, and the tracks were traced between the points. Some of these tracks appellant admitted making, but sought to explain them away to the effect that he was in that neighborhood for another purpose. There is the usual amount of contradictions along the line of facts that occur ordinarily in cases of circumstantial evidence. The sheriff also testified to the measurement of the tracks, and their correspondence with the track made by appellant, and to facts which tended to show appellant's evasion of arrest for some days.

Link Arnold was permitted to testify that on the night after Beckham was shot, defendant was at his house, and about 11 o'clock he said to defendant, that Spot Jordan and Lovell had been at his (witness') house that night, and told him that defendant had been accused of the shooting of Beckham the night before. He further said to defendant that Jordan had told him (witness) in said conversation that he had just come from old man Bill Stanley's house (father of appellant) and that old man Stanley told Jordan that defendant did not stay at his (father's) house on Friday night; that being the night that Beckham was shot; and that the father of defendant told Jordan that defendant stayed all night at Link Arnold's on Friday night—the night that Beckham was shot. Objection was urged to the introduction of this evidence on the ground that it was hearsay; was not the evidence of Bill Stanley, but the statements of the witness Arnold, purporting to be a statement made by Jordan to Arnold, and told by Arnold to defendant. We do not believe this comes within the rule of hearsay. These conversations were reported to appellant in person and called on him for a reply, in regard to the alibi. The theory of appellant was an alibi, and that he stayed at his father's house the night of

the shooting. Here was the statement of the father brought home to appellant denying that fact. If the statements had been made in the absence of the defendant, and not brought home to him, the question of hearsay would have been clearly in the case. But when these statements were actually brought home to his attention, and repeated to him in person, it occurs to us that it was legitimate to be shown the jury.

Error is also assigned on the refusal of the court to permit Link Arnold to testify to statements made by Potts, that he (Potts) was connected with the shooting, perhaps may have done it, or words to that effect. Bill number 2 is referred to showing these statements. There is no such bill in the record. If it could have been shown that Potts made confessions to the shooting of Beckham, and the other facts in the case showed or tended strongly to show that he was placed in a position to have done the shooting, this testimony would have been admissible upon the theory that appellant had a right to show that another than himself did the shooting, and that he was not the guilty participant. But the facts are not brought within that rule. There was no evidence tending to show that Potts was in the neighborhood where the shooting occurred, or that he was in condition or position to have been the guilty party. In fact, there is nothing offered along this line, as we understand the record, except the bare statement that another party than appellant fired the shot. This is not sufficient. The evidence should have gone farther, under the rule laid down in Dubose v. State, 10 Texas Crim. App., 230, and Harrison v. State, 11 Texas Ct. Rep., 617. We think the evidence is sufficient to justify the jury in arriving at the conclusion that appellant did the shooting.

The judgment is affirmed.

*Affirmed.*